**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>HMR FOODS HOLDING, LP, *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 16-11540 (KJC)<br>(Jointly Administered) |
| ALFRED T. GIULIANO, Chapter 7 Trustee for HUXTABLE'S KITCHEN, INC.*,*<br><br>Plaintiff,<br><br>v.<br><br>LINEAGE LOGISTICS HOLDINGS, LLC AND LINEAGE LOGISTICS, LLC D/B/A/ LINEAGE LOGISTICS – VERNON,<br><br>Defendants. | Adv. Pro. No. 18- |

**COMPLAINT OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE FOR**
**HUXTABLE'S KITCHEN, INC., TO AVOID AND RECOVER**
**TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550**

Alfred T. Giuliano, chapter 7 trustee for the jointly administered estates of HMR Foods Holding, LP, *et al.,* including the estate of Huxtable's Kitchen, Inc. (the "Debtor"), by and through his attorneys, Fox Rothschild LLP, brings this adversary proceeding pursuant to Fed. R. Bankr. P. 7001, to avoid and recover transfers pursuant to 11 U.S.C. §§ 547, 548 and 550 and alleges as follows:

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Huxtable's Kitchen, Inc., a/k/a Handmade Real Foods, Pasta Kitchen, Fresh Selections (9801) (Case No. 16-11538-KJC); (ii) HMR Foods, LLC, a/k/a Handmade Real Foods, Huxtable's Kitchen, Simmering Soup Kitchen, Pasta Kitchen, Fresh Selections (9731) (Case No. 16-11539-KJC); (iii) HMR Foods Holding, LP, a/k/a Handmade Real Foods, Huxtable's Kitchen, Simmering Soup Kitchen, Pasta Kitchen, Fresh Selections (0818) (Case No. 16-11540-KJC); (iv) Huxtable's Kitchen Holding Corp., a/k/a Handmade Real Foods, Simmering Soup Kitchen, Pasta Kitchen, Fresh Selections (3276) (Case No. 16-11541-KJC); and (v) Simmering Soup Kitchen, LLC, a/k/a Handmade Real Foods, Huxtable's Kitchen, Pasta Kitchen, Fresh Selections (9554) (Case No. 16-11542-KJC).

ACTIVE\58422134.v1

**JURISDICTION AND VENUE**

1.      This Court (the "Bankruptcy Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), which is a civil proceeding arising under or arising in or related to a case under title 11 of the United States Code (the "Bankruptcy Code").

2.      This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (F), (H) and (O).

3.      Venue of this adversary proceeding is properly in the District of Delaware pursuant to 28 U.S.C. § 1409(a).

4.      This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.  By this adversary proceeding, the Trustee (defined below) seeks to avoid and recover, pursuant to Sections 547, 548 and 550 of the Bankruptcy Code, certain preferential and/or fraudulent transfers that the Debtor made to Defendant (defined below) and to recoup reasonable attorneys' fees and costs pursuant to Rule 7054 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**PARTIES AND BACKGROUND**

5.      Plaintiff is Alfred T. Giuliano, chapter 7 Trustee (the "Trustee") for the estate of Debtor.

6.      Lineage Logistics Holdings, LLC and Lineage Logistics, LLC d/b/a/ Lineage Logistics - Vernon  (collectively "Defendant") is an individual, corporation, limited liability company, partnership or sole proprietorship, whose state of incorporation, organization, existence or residence is unknown.

-2-

7.      Defendant, upon information and belief, maintains a business address at 21700 Barton Road Colton, CA  92324.

8.      On June 24, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the Bankruptcy Code (the "Petition").

9.      On July 14, 2016, the Bankruptcy Court entered an Order authorizing the joint administration of the Debtor's case with several related entities and directing that the related cases be jointly administered under case no. 16-11540.

**COUNT ONE**

**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)**

10.      The Trustee repeats and re-alleges the allegations contained in all of the proceeding paragraphs of this Complaint as if the same were set forth herein at length.

11.      On or within the ninety (90) days before the Petition Date (the "Preference Period"), the Debtor transferred and/or caused to be transferred, to or for the benefit of Defendant in the form of one or more payments of monies and/or transfers of goods in, at least, the total amount of $64,589.26 as more specifically set forth below (the "Transfers"):

| Check No. | Check Date | Clear Date | Amount |
|-----------|------------|------------|--------|
| 38768 | 04/01/2016 | 04/06/2016 | $29,452.16 |
| 38836 | 04/08/2016 | 04/18/2016 | $7,236.53 |
| 39219 | 06/01/2016 | 06/07/2016 | $27,900.57 |

12.      Each of the Transfers constituted a transfer of an interest in property of the Debtor.

13.      The bank account from which each Transfer was drawn was owned by the Debtor.

ACTIVE\58422134.v1

14.     Each of the Transfers was made, or caused to be made, to or for the benefit of the Defendant, a creditor of the Debtor.

15.     Each of the Transfers was made payable to and cashed by, or wired directly to and accepted by, the Defendant.

16.     The Transfers were made, or caused to be made, for or on account of one or more antecedent debts owed by the Debtor to the Defendant prior to the date on which such Transfer was made.

17.     The Transfers were made in satisfaction of the Debtor's obligations pursuant to an agreement between the Debtor and the Defendant, and were payment for goods previously delivered and/or services previously performed by the Defendant on behalf of the Debtor.

18.     The Debtor was insolvent for purposes of Section 547(b) of the Bankruptcy Code when each of the Transfers was made.

19.     The Transfers enabled the Defendant to receive more than it would have received if the cases were cases under chapter 7 of the Bankruptcy Code, if the Transfers had not been made and if Defendant received payment of the debt(s) relating to each such Transfer to the extent provided by the provisions of the Bankruptcy Code.

20.     Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to Section 547(b) of the Bankruptcy Code.

WHEREFORE, the Trustee seeks judgment against the Defendant:

(a)     avoiding the Transfers (plus the amount of any additional transfers of property of the Debtor to the Defendant during the Preference Period that discovery may reveal) pursuant to Section 547(b) of the Bankruptcy Code;

-4-

(b)   awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding; and

(c)   awarding the Trustee such other and further relief as may be just and proper.

## COUNT TWO

### (Avoidance of Transfers Pursuant To 11 U.S.C § 548(a))

21.   The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

22.   The Transfers were transfers of an interest of the Debtor's in property.

23.   The Transfers were made within two years prior to the Petition Date.

24.   The Transfers were made to or for the benefit of the Defendant.

25.   To the extent that on or more of the Transfers were not on account of an antecedent debt or were prepayments for goods or services subsequently received, the Debtor received less than reasonably equivalent value in exchange for the Transfers.

26.   The Debtor was insolvent on the dates of the Transfers or became insolvent as a result of the Transfers; or (ii) was engaged in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital at the time of, or as a result of the Transfers; or (iii) intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

27.   Based upon the foregoing, the Transfers made by the Debtor to the Defendant constitute avoidable fraudulent transfers pursuant to Section 548(a) of the Bankruptcy Code.

ACTIVE\58422134.v1

WHEREFORE, the Trustee seeks judgment against the Defendant:

(a)    avoiding the Transfers (plus the amount of any additional transfers of property of the Debtor to the Defendant during the Preference Period that discovery may reveal) pursuant to Section 548(a) of the Bankruptcy Code;

(b)    awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding; and

(c)    awarding the Trustee such other and further relief as may be just and proper.

## COUNT THREE

### (Recovery of Avoided Transfers Pursuant To 11 U.S.C § 550)

28.    The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

29.    The Defendant was the initial transferee of the Transfers.

30.    The Defendant was the entity for whose benefit the Transfers were made.

31.    Pursuant to Sections 547(b) and 548 of the Bankruptcy Code, the Trustee may avoid the Transfers and, pursuant to Section 550(a) of the Bankruptcy Code, the Trustee may recover for the benefit of the estate of the Debtor the Transfers, or the value of the Transfers, from the Defendant.

WHEREFORE, the Trustee seeks judgment against the Defendant:

(a)    directing the Defendant to immediately pay the value of the Transfers (plus the amount of any additional transfers of property of the Debtor to the Defendant during the

-6-

Preference Period that discovery may reveal) to the Trustee, together with pre-judgment and post-judgment interest pursuant to Section 550 of the Bankruptcy Code;

(b)     awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding; and

(c)     awarding the Trustee such other and further relief as may be just and proper.

**COUNT FOUR**

**<u>(Disallowing, Barring and Expunging the Defendant's</u>**
**<u>Claims Pursuant To 11 U.S.C § 502)</u>**

32.     The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

33.     The Defendant is the transferee of the Transfers, which are avoidable and recoverable under Sections 547, 548 and 550 of the Bankruptcy Code.

34.     The Trustee has demanded repayment of the Transfers.

35.     The Defendant has failed and refused to turn over to the Trustee the value of the Transfers, or to otherwise repay the Transfers to the Trustee.

36.     Pursuant to Section 502(d), any claim of the Defendant against the Debtor must be disallowed until the Defendant pays to the Trustee the value of the Transfers.

37.     Pursuant to Section 502(d) of the Bankruptcy Code, the Trustee is entitled to entry of judgment disallowing, barring and expunging any claim(s) that the Defendant may hold against the Debtor.

-7-

ACTIVE\58422134.v1

WHEREFORE, the Trustee seeks judgment against the Defendant:

(a)     disallowing, barring and expunging from the claims register any claim(s) that the Defendant may hold against the Debtor pursuant to Section 502(d) of the Bankruptcy Code;

(b)     awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding; and

(c)     awarding the Trustee such other and further relief as may be just and proper.

## COUNT FIVE

### (Attorneys' Fees – Bankruptcy Rule 7054)

38.     The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

39.     The Trustee has incurred significant legal fees and expenses to pursue the claims against the Defendant.

40.     The Trustee is entitled to reasonable attorneys' fees pursuant to Bankruptcy Rule 7054.

*[Remainder of Page Intentionally Left Blank]*

-8-

WHEREFORE, the Trustee seeks judgment against the Defendant:

(a)    awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding pursuant to Bankruptcy Rule 7054; and

(b)    awarding the Trustee such other and further relief as may be just and proper.

FOX ROTHSCHILD LLP

By: ___*/s/ Seth A. Niederman*___
    Seth A. Niederman, Esquire (No. 4588)
    919 N. Market Street, Suite 300
    Wilmington, DE  19801-3046
    Tel. (302) 427-5512/Fax (302) 622-8920
    sniederman@foxrothschild.com
       -and-
    Michael G. Menkowitz, Esquire
    Magdalena Schardt, Esquire
    2000 Market Street, Tenth Floor
    Philadelphia, PA  19103-3291
    Tel. (215) 299-2010/Fax (215) 299-2150
    mschardt@foxrothschild.com

*Attorneys for Alfred T. Giuliano, chapter 7*
*Trustee for the jointly administered estates of HMR*
*Foods Holding, LP, et al.*

Dated:  June 22, 2018

ACTIVE\58422134.v1